## FIRST NATIONAL BANK v. CITY OF LARAMIE.

(No. 926; Decided November 26th, 1917; 168 Pac. 728.)

MUNICIPAL BONDS—SPECIFICATION OF INTEREST RATE BY ORDINANCE—STATUTE—MUNICIPAL CORPORATIONS—ISSUANCE OF BONDS.

1. A statement in an ordinance of the City of Laramie for the submission of the proposition of an issue of water bonds and in the election notice and official ballot reading "in an amount not to exceed $60,000.00" was a compliance with Compiled Statutes, 1910, Section 1870, requiring that the proposition submitted to a vote of the qualified electors shall specify the amount of bonds to be issued.

2. A statement in an ordinance of the City of Laramie for the submission of a proposition of an issue of water bonds and in the election notice and official ballot reading "said bonds to bear interest at a rate not exceeding 5 per cent per annum" was a compliance with Compiled Statutes, 1910, Section 1870, requiring that the proposition submitted to a vote of the qualified electors shall specify the rate of interest, and in view of Section 1867, authorizing a city to provide funds to extend its system of water works, and to

borrow money and issue coupon bonds therefor bearing interest not exceeding 6 per cent per annum, bonds determined by the council after the election to bear 4½ per cent instead of 5 per cent interest per annum were not invalid.

Error to District Court, Albany County; Hon William C. Mentzer, Judge.

Action by the First National Bank of Laramie City, a corporation, against the City of Laramie, a corporation, et al., involving the validity of a proposed issue of bonds of the City of Laramie, for the purpose of realizing funds to extend the water system of said city. From a judgment for the defendants, plaintiff brings error.

*N. E. Corthell,* for plaintiff in error.

This is an agreed case submitted in pursuance to the provisions of Section 4517, Compiled Statutes, 1910. The proposition submitted at the bond election was to issue bonds in an amount "not to exceed $60,000.00," bearing interest at a rate not exceeding 5 per cent. The regularity of the proceedings in other respects is conceded. The proceedings were conducted under Sections 1440, 1474, 1475, 1866, 1867 and 1868, Compiled Statutes, 1910. The parties to the case are disposed to complete the sale and purchase of the issue, if it is valid, and shall be established by the judgment of this court. But the opinion of counsel employed to pass upon the validity of the proceedings has created some doubt in the minds of the purchasers as to the validity of the issue, particular exception being taken to the preliminary ordinance, the mayor's proclamation and the form of ballot used at the bond election. The exceptions taken to the proceedings are (1st) that the proposition submitting the amount of the proposed bonds is not definitely specified, and (2nd) that the interest rate is not definitely stated. The legal propositions and authorities cited in the opinion are in substance as follows: The two propositions to be submitted to voters should be separately stated. (People v. Baker, 83 Cal. 149; Elyria v. Elyria, 57 O. St. 374; Neacy v. Milwaukee, 142 Wis. 590; Dillon on Municipal Corp. (5th

Ed.), Sec. 577.) The two propositions, one to complete the water system and one to pay off existing indebtedness, are incorporated in the ordinance without statutory authority. The mayor's proclamation fails to state the purpose of the issue and amount thereof. (Stern v. City of Fargo, 122 N. W. 403.) The statute must be strictly followed. (State v. Clausen, 87 Wash. 111.) The statute (Sec. 1870, Compiled Statutes, 1910) requires the proposition to specify the amount of the bonds. The ballot merely stated the purpose to be to create funds to extend the system. The ordinance and ballot leave the purpose of the bonds to conjecture, which is a fatal defect. (Stern v. City of Fargo, 122 N. W. 403; Coleman v. Frame, 26 Okla. 193; State v. Heber City, 36 Utah, 1.) The statute (Sec. 1870, Compiled Statutes, 1910) requires the proposition to specify the amount of bonds to be issued, which requirement was violated in fixing the amount not to exceed $60,000.00. (State v. Saline County, 45 Mo. 242; Mercer County v. Railroad, 27 Pa. St. 389; State v. The Township Committee, 61 N. J. L. 513; Cincinnati &c. v. Wells, 39 Ind. 539; Smith v. Mayor & Council of Dublin, 113 Ga. 833; Stern v. City of Fargo, 18 N. D. 289, 26 L. R. A. N. S. 655; Kerlin v. City, 141 N. W. 756; City v. Hayes, 28 Colo. 110; Williamson v. Town of Graham, 74 S. E. 393; Dillon, Municipal Corporations (5th Ed.), Secs. 889-99.) There is one case opposed to the foregoing line of authority, and that is City of Oswego v. Davis, 97 Kan. 371, but it stands alone. This court has held that it is necessary to state the amount of bonds to be issued. (Cheyenne v. State, 17 Wyo. 90.) The omission to specify the precise amount of the bonds is fatal. It is, however, conceded that while the proposed bonds might be invalid in the hands of the original purchaser, they would be valid in case of a sale to an innocent purchaser upon the authority of Mercer County v. Hackett, 1 Wall. 63; Gunnison County v. Rollins, 173 U. S. 255; Waite v. Santa Cruz, 184 U. S. 302; City of Evansville v. Dennett, 161 U. S. 434. Proceedings in error have been brought to determine whether the submission of the prop-

osition for the issuance of the bonds complied with the statute.

*A. W. McCullough,* for defendant in error.

The excuses given by the bank for refusing to take the bonds are that the ordinance and notice of election failed to specify the amount of bonds to be issued, and'the proposition submitted to a vote of the electors failed to specify the amount of bonds proposed to be issued. This court in the case of Cheyenne v. Rawlins has clearly determined the question adverse to the bank's contentions, citing 11 Cyc. 557; 21 Enc. L. 47; R. R. Co. v. Commrs., 116 N. C. 563; Blakey v. City Council of Montgomery, 39 So. 745; People v. Counts, 26 Pac. 612. The general rule is that if the voter knows or can ascertain the scope and meaning of the proposition, it is sufficient. One of the latest cases and exactly in point is that of City of Oswego v. Davis, 97 Kans. 371, 154 Pac. 1124. In Knight v. Town of West Union, 32 S. E. 163, an ordinance authorizing bonds not to exceed $6,000 is held to be equivalent to fixing the amount of the bonds at such sum. (Fishblatt v. Atlantic City, 73 Atl. 125; C. B. & Q. R. Co. v. Village of Wilber, 88 N. W. 660, 661; Baker v. City of Seattle, 27 Pac. 462, 468.) In Derby & Co. v. The City of Modesto, 38 Pac. 900, 903, the ordinance stated the number of bonds proposed to be fifty of the denomination of $500 each. After it was voted to issue the bonds the number was changed by ordinance to forty bonds of $500 each and twenty bonds of $250 each. The validity of the issue was upheld. The following cases uphold the principle: Callahan v. Hairdraker, 133 Ia. 622; Law v. City of San Francisco, 77 Pac. 614; Village of Bronxville v. Seymour, 106 N. Y. S. 834; Hubbard v. Woodsum, 87 Me. 88, 32 Alt. 802; Carr v. Hyattsville, 81 Atl. 8. The last mentioned case cites McCrary on Elections, Section 190, and Paine on Elections, Section 498. The leading case cited by plaintiff in error is that of Stern v. City of Fargo, 122 N. W. 403. This case is valuable, if at all, simply as an interpretation of the phrase "state the amount of," since our

statute does not specifically require the notice of election to state the amount of the bond. The case can hardly be determined in point here. Other authorities cited by plaintiff in error involving the interpretation of statutes in aid of railroads, all requiring a strict and rigid construction, are likewise inapplicable, as is also Smith v. Mayor and Council of Dublin, 113 Ga. 833, 39 S. E. 327, 329, which turned upon a different question. It is not seriously contended that the Wyoming statute requires a bond proposition to state the definite amount of interest that the bonds shall draw in the light of the decision in this court in Cheyenne v. State, 17 Wyo. 90. It is submitted that, according to the recognized weight of authority, a proposition for the issuance of bonds not exceeding the sum of $60,000 will support an issue of that amount and that bonds providing an interest rate of 4½ per cent per annum may be issued under an authorization that the interest rate shall not exceed 5 per cent per annum.

Beard, Justice.

This case involves the question of the validity of a proposed issue of bonds of the City of Laramie for the purpose of realizing funds to extend the water system of said city. The case was submitted to the District Court upon an agreed statement of facts, and the court adjudged that the bonds when issued would be valid obligations of said city. The bank brings error.

The grounds upon which the plaintiff in error contends that the proposed issue of bonds would be invalid are, "(1) The ordinance of the city council authorizing the submission of the bond proposition to a vote of the qualified electors of said city, and the notice of election failed to specify the amount of bonds proposed to be issued.

"(2) The proposition submitted to a vote of the qualified electors failed to specify the amount of bonds proposed to be issued.

"(3) The ordinance of the city council authorizing the submission of the bond proposition to a vote of the qualified

electors of said city, and the notice of election failed to spec-ify the rate of interest which said bonds should bear.

"(4) The proposition submitted to a vote of the qualified electors failed to specify the rate of interest which said bonds should bear."

The section of the ordinance in question reads as follows: "Sec. 1. That at the regular election to be held in the City of Laramie, County of Albany, State of Wyoming, on the first Tuesday after the first Monday in November, 1916, there shall be submitted to a vote of the qualified electors of said city a proposition to issue coupon bonds of said city in an amount not to exceed sixty thousand dollars · ($60,-000.00), for the purpose of realizing funds to extend the water system of said city, said bonds to bear interest at a rate not exceeding five per cent (5%) per annum."

The notice of election and the ballots used at said election each contained the identical language of the ordinance with respect to the amount of bonds and the rate of interest. At the election more than two-thirds of the electors voted in favor of the issuing of said bonds. The election was regularly conducted and it is admitted that there were no irregularities or defects in any of the proceedings which would invalidate the bonds if the amount of the bonds and rate of interest were sufficiently specific in the ordinance, notice of election and ballots. After the election the city council adopted an ordinance authorizing the issuance of the bonds as follows: "That there be borrowed on the credit and in behalf of the City of Laramie the sum of sixty thousand dollars for the purpose of providing funds for the construction, extension and completion of the water works system of said City of Laramie, and that negotiable coupon bonds of said city in said sum be issued therefor; * * * * that said bonds shall bear interest at four and one-half per cent per annum, payable semi-annually," and fixing the date of the bonds, place of payment, etc.

The provisions of the statute under which the city was proceeding is Section 1870, Comp. Stat. 1910, "No bonds shall be issued for the purpose provided by this chapter until

the proposition to issue the same shall have been submitted, to a vote of the qualified electors of such city or town, and by them approved; * * * * the proposition so submitted to a vote of the qualified electors shall specify the amount of bonds to be issued, the rate of interest and the purpose for which it is proposed to issue the bonds." And providing that "if a majority of the votes cast upon the proposition shall be for the bonds, then such proposition shall be deemed to have been approved by the people."

It is contended on behalf of the plaintiff in error, that the statement in the ordinance submitting the proposition, and in the election notice and official ballot, "in an amount not to exceed sixty thousand dollars," and "to bear interest at a rate not exceeding five per cent per annum," was not a compliance with the requirements of the statute which requires that the proposition submitted to a vote of the qualified electors *shall specify the amount of bonds to be issued, and the rate of interest.* We are aware that there are two lines of decisions upon the proper construction of statutes similar to our own. One line holding that the statute must be strictly and literally complied with, while the other line holds that a substantial compliance is all that is required. That is, such a compliance as "to enable the voters to fairly and intelligently understand the character and extent of the liability proposed to be imposed upon the city." (Cheyenne v. State ex rel. Rollins, 17 Wyo. 90, on p. 104, 96 Pac. 244.) In that case the statute in question was fully considered and the authorities cited and reviewed in an elaborate opinion by Chief Justice Potter; and while the identical questions in the present case were not there involved, the reasoning therein does apply to the case at bar. There the rate of interest stated in the proposition submitted was "to bear interest at a rate not exceeding five per cent per annum." It was held that that was such a substantial compliance with the statute as to render the bonds valid. It is true that in that case the bonds were issued at five per cent, while in the present case they are proposed to be issued at four and one-half per cent, being at a less rate than the limit authorized

by the vote. In this case the ordinance adopted after the election fixed the amount of the bonds to be issued at $60,-000.00, the limit authorized by the vote of the people. It certainly cannot be seriously contended that the voters did not clearly understand that they were by their votes authorizing the issuance of bonds to that amount. We regard the Cheyenne case, supra, as practically decisive of the question of the sufficiency of the statement specifying the amount of the bonds, the statutory requirement being that the proposition submitted shall specify the amount of the bonds and the rate of interest. The one is not required to be more definitely specified than the other; and it having been held that to state the rate of interest at "not exceeding five per cent" did not invalidate the bonds when issued at that rate, we see no substantial reason why the same rule should not apply to the amount of the bonds. In addition to the cases cited in the Cheyenne case, see Elyria Gas & Water Co. v. City of Elyria, 14 Ohio Cir. Ct. Rep. 219, and City of Oswego v. Davis, 97 Kan. 371, 154 Pac. 1124.

As to the question of interest, the only difference between the present case and the Cheyenne case is that in this case the rate of interest the bonds should bear was fixed by the council after the election at four and one-half per cent instead of five per cent. But we do not think that would render them invalid. By Section 1867, Comp. Stat. 1910, "Any incorporated city or town in the State of Wyoming is hereby authorized, for the purpose of providing funds for constructing, purchasing, extending or maintaining a system of water works, * * * * to borrow money and to issue coupon bonds of such city or town, * * * * and shall bear interest at a rate not exceeding six per cent per annum, payable annually or semi-annually. * * * * That said bonds shall not be sold for less than their par value." The statute authorizing the city to borrow money and issue its bonds therefor for said purpose at any rate of interest, not exceeding six per cent per annum, at which it could sell the bonds at their par value. It was not intended to prohibit the city from securing the money at the lowest

rate at which it could be secured at the time, and, in our opinion, the provision of Section 1870 that the proposition submitted shall specify the rate of interest, when reasonably construed, means that the rate of interest to be so specified shall be the rate at which the council believes bonds can be sold at par, and fixes the limit of the indebtedness in that respect which it is proposed to impose upon the city. It does not seem reasonable that after the people · had authorized the council to borrow the money at five per cent if it was found that the amount desired could be had at four and one-half per cent, that the council should be bound by a strict and literal construction of the language of Section 1870 to impose a greater burden on the people. It is the duty of the council to administer the business of the city honestly and economically, and we do not think it was intended by the Legislature by the language used to do more than require the council to specify the limit of the indebtedness which it asked the electors to approve or disapprove. Certainly no taxpayer should complain because his agents have made a better bargain for him in the matter of the rate of interest to be paid than he had expressed his willingness to pay. To hold the proposed issue of bonds invalid for the reasons assigned would be to give to the language of the statute a more technical, strict and literal construction than we believe was intended by the Legislature. The judgment of the District Court is affirmed.          *Affirmed.*

POTTER, C. J., and BLYDENBURGH, J., concur.