VIKTORA, Appellant, v. CRESSMAN, County Superintendent of
Schools et al, Respondents.

(169 N. W. 551).

(File No. 4463. Opinion filed Nov. 29, 1918).

(1). **Schools—Consolidation of Districts, Petition For—"Electors,"
Temporary Removal, Effect re Residence—Statutes.**

Under Laws 1913, Ch. 194, as amended by Laws 1917, Ch.
218, held, that a man and his wife at the time living temporar-
ily upon rented premises in another school district, to which
they had removed to give their children better school advant-
ages, intending to return to their farm and home in the school
district in question, were "electors" of the last mentioned dis-
trict, and were qualified to sign petition of said district for an
election to determine question of consolidation of school dis·
tricts embracing the district of their home.

(2). **Same—Consolidation of Districts, Election For, Irregularities—·
Contestant's Burden of Proof.**

The burden of proof was upon contestant in a contest in-
volving legality of a school district consolidation proceeding, to
establish irregularities sufficient to vitiate such election.

(3). **Trials—School District Consolidation Election Contest—Find-
ings re Irregularities, Burden of Proof.**

The burden being upon contestant to establish irregularities
in a school district consolidation election contest, he should
have asked trial court to make such findings as to irregulari-
ties as he thought evidence warranted, since in absence there-
of, the contest must fail.

(4). **Appeals—Error—Assignment of "No Evidence," Not Supported
by Any Legal Evidence, Insufficiency-Rule Stated.**

An assignment of error that "Finding No. 12 is not sup-
ported by the evidence, but is contrary thereto in this: That
there is no evidence upon the record upon which to base find-
ing, and that said finding is not supported by any legal evi-
dence," is insufficient.    The assignment and the specification
proceding it, should have pointed out wherein facts found were
not supported by evidence, and should have called attention to
those evidentiary facts appellant believed established by evi-
dence received and which would be inconsistent with the finding
complained of.

(5). **Schools—Consolidation of Districts, Election For, Irregularities
—Fraudulent Intent, Non-applicability of General Election
Laws.**

An election to determine question of consolidation of school
districts, is not to be determined by the general election laws
governing election of state and county officers.    So held, as

against the contention of a contestant of such school election, that certain irregularities involved fraudulent intent of election officers.

**(6). Elections—School District Consolidation, Irregularities In— Opportunity for Fair Vote, Effect.**

In a contest involving irregularities in a school district consolidation election, **held,** that the evidence fails to show any irregularity depriving a voter of a fair chance to register his will, or from which it can be inferred that the voters' will was not fairly and truly ascertained and determined; and said election was valid.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Contest proceeding by Frank H. Viktora, against K. H. Cressman, County Superintendent of Schools of Gregory County, South Dakota, and others, to determine the validity of a school district consolidation election. From a judgment holding the election valid, and from an order denying a new trial, Viktora appeals. Affirmed.

*Ambrose B. Beck,* and *G. M. Caster,* for Appellant.

*Charles A. Davis,* for Respondents.

(1) To point one of the opinion, Appellant cited:

Cooley Constitutional Limitations, 754; McCrary on Elections, Section 39.

Respondents cited:

9 Ruling Case Law, Elections, Secs. 46, 47; Cyc., Vol. 15, Elections, 290-291, and Footnote 3; 27 L. R. A. 330; 18 Century Digest, Title Evidence, Secs. 69, 67.

WHITING, P. J. Purporting to proceed under the provisions of chapter 194, Laws 1913, as amended by chapter 218, Laws 1917, the electors of four adjacent school districts of Gregory county petitioned for, and afterwards held, an election to determine whether said districts should be consolidated into one district. "Consolidation" was declared carried, and plaintiff, as an elector and taxpayer, brought a contest proceeding contesting the validity of the said election. The trial court made findings and conclusions in favor of defendants, and, upon same, entered a judgment holding the election valid and dismissing the proceeding. From such judgment and an order denying a new trial this appeal was taken.

But two questions demand our attention: (1) Was one of the petitions for the election signed by the requisite number of electors? (2) Were there such irregularities in the conduct of the election as to render same void?

[1] The petition for district No. 4 was signed by a man and his wife who, at the time of signing same, were living in another of the districts. The trial court found that they were "residents and electors" of district No. 4. If the court's holding was right, the petition was signed by the requisite number of electors. It is conceded that these two signers had, only a few months prior to this election, resided upon their farm in district No. 4, but, at the time of the signing of the petition, had moved to Fairfax, in another of the districts. The court found that these parties "had never intended to change their residence to Fairfax, * * * but simply moved there temporarily, and they have at the time they signed said petition and at all times since considered and held school district No. 4 to be their place of residence." The evidence shows that the purpose of their moving was to give their children better school advantages; that they rented a place to live in and did not sell their farm, and that they intended to thereafter return to such farm. They clearly remained electors of district No. 4. 15 Cyc. 291, 292; 9 R. C. L. § 47, "Elections."

[2, 3] The burden was upon appellant, as contestant, to establish the existence of irregularities sufficient to vitiate such election. The burden being upon him to establish the existence of such irregularities, it became incumbent upon him to ask the court to make such findings as to irregularities as he thought the evidence warranted, because, in the absence of any findings regarding irregularities, the contest must fail. It does not appear that appellant asked for any findings.

[4] The court found:

"That said election was fair, and no elector was coerced or prevented from having a fair vote, and no fraud or intimidation was in any manner had or practiced at said election. and said election was in all respects fair, and there was nothing said or done at said election that prevented a fair vote, and a full opportunity was afforded to each and every elector in said district to vote as he desired at said election."

The assignment based upon such finding is as follows:

"That finding No. 12 is not supported by the evidence, but is contray thereto, in this: That there is no evidence upon the record upon which to base said finding, and that said finding is not supported by any legal evidence."

This assignment is clearly insufficient. The assignment, as well as the specification which preceded it, should have pointed out wherein the facts found were not supported by the evidence; they should have called attention to those evidentiary facts which appellant believed to have been established by the evidence received and which would be inconsistent with the finding complained of.

[5, 6] While appellant failed to ask for findings covering the alleged irregularities, and also failed to properly assign the insufficiency of the evidence to sustain the finding complained of, yet he has, in his brief, referred to the claimed irregularities. There is neither proof nor claim of fraudulent intent on the part of the election officers. There is claim that certain proceedings in the calling and conduct of the election were not in accordance with the law, but appellant has not referred us to anything in the school laws to support his claim. He seems to be of the opinion that this election was governed by the same rules and subject to the same restrictions as the general biennial elections for election of state and county officers. But such is not the law. 15 Cyc. 363. Even if properly before us, appellant's contentions are unsound. There is absolutely nothing in the record to show but that the election was fairly and honestly conducted, and, even if there was anything that could be deemed an irregularity, there is nothing from which it could be inferred that it deprived any voter of a fair chance to register his will in relation to the issue before the voters, or from which it could be inferred that the will of the voters was not fairly and truly ascertained and declared. Certainly, under those circumstances, the trial court did not err in its judgment. 15 Cyc. 372. It might not be amiss to note that appellant was one of the election officers; that he served as such during the whole election; that he admits he then knew of all the things he now complains of, and made no complaint at that time or took any steps to put an end to the alleged irregularities.

The judgment and order appealed from are affirmed.