(October 19, 1922.)

J. L. SIZEMORE et al., Appellants, v. THE BOARD OF COUNTY COMMISSIONERS OF JEROME COUNTY, IDAHO, A. W. ATWOOD, J. B. THRALL and C. O. ROICE, Members of said Board of County Commissioners, Respondents.

[210 Pac. 137.]

FORMATION OF RURAL HIGH SCHOOL DISTRICT—JURISDICTION OF BOARD OF COMMISSIONERS—ORDER—APPEAL—PROVISIONS OF LAW MANDATORY—DIRECTORY.

1. The filing of a legal petition for the formation of a rural high school district in compliance with the terms of sec. 5, chapter 215, Sess. Laws 1921, confers jurisdiction on a board of commissioners to act upon such petition, and erroneous action thereon does not disturb the jurisdiction of such board.

2. A substantial order must be entered by the board of commissioners under sec. 18 of said chapter 215, *supra*, before an appeal can be taken.

3. In case of elections if the statute simply provides that certain acts or things shall be done at a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election.

APPEAL from the District Court of the Eleventh Judicial District, for Jerome County. Hon. Wm. A. Babcock, Judge Presiding.

Proceedings to create Rural High School District. From judgment affirming creation by county commissioners appeal is taken. *Reversed*, with direction *to dismiss* the appeal.

Hazel & Benoit, for Appellants.

The board of county commissioners was without jurisdiction on June 13, 1921, to act upon the petition for the crea-

tion of Rural High School District No. 1, for the reason that said petition was filed with said board May 7, 1921, and under the provisions of the 1921 Session Laws the board could not act thereon until their next regular session, which would not have been until the second Monday in July, 1921. (*Gilbert v. Canyon County,* 14 Ida. 437, 94 Pac. 1029; *Murphy v. Canyon County,* 14 Ida. 449, 94 Pac. 1033.)

Bothwell & Chapman and E. D. Reynolds, for Respondents.

The petition was filed 20 days prior to the next regular meeting of the board of county commissioners, at which it was considered within the meaning of sec. 3411, C. S. (*Gilbert v. Canyon County,* 14 Ida. 437, 94 Pac. 1029; *Meyers v. East Bench Irr. Co.,* 32 Utah, 215, 89 Pac. 1005; *Beatle v. Roberts,* 156 Iowa, 575, Ann. Cas. 1915B, 770, and note, 137 N. W. 1006; *Burkelo v. County Commrs.,* 38 Minn. 44, 38 N. W. 108.)

Under the facts in this case the provision of the statute that the petition must be filed with the board at least twenty days prior to the next regular meeting of the board is directory and not mandatory. (20 C. J. 95, 182; *Norman v. State,* 51 Ind. App. 425, 99 N. E. 812.)

"After an election has been held, such statutory requirements are directory unless it appears that the failure to give notice for the full time specified by the statute has prevented electors from giving a full and free expression of their will at the election or unless the statute contains a further provision to the effect that failure to give notice for the statutory time will render the election void." (*Weisgerber v. Nez Perce County,* 33 Ida. 670, 197 Pac. 562.)

The appellants are estopped from raising the mere technical objection that the petition in question was not filed at the proper time. (35 Cyc. 839; *School District No. 94 v. Thompson,* 27 N. D. 459, 146 N. W. 727; *Linder v. Cape Brewery & Ice Co.,* 131 Mo. App. 680, 111 S. W. 600; *Hagins v. Simmons,* 142 Ga. 587, 83 S. E. 227; *Brown v. French,* 159 Ala. 645, 49 So. 255; *Territory v. Cooper,* 11

Okl. 699, 69 Pac. 813; *Rhea v. Shields,* 103 Va. 305, 49 S. E. 70.)

The county commissioners acquired jurisdiction on May 7, 1921, when the petition was filed, to call the election, and the calling of the election prior to the first day of the regular meeting in July is not fatal to the validity of the election. (*Viktora v. Cressman,* 41 S. D. 159, 169 N. W. 551; *Rural Special School Dist. No. 6 v. Blaylock,* 122 Ark. 418, 185 S. W. 525; *Independent School Dist. No. 8 v. Independent School District of Clemons,* 153 Iowa, 598, 134 N. W. 75.)

DUNN, J.—This is an appeal from a judgment of the district court of Jerome county affirming the creation of Rural High School District No. 1 by the board of county commissioners of said county. All of the assignments of error rest upon the contention of appellants that the board of county commissioners of said county was without jurisdiction to act upon the petition for the creation of said rural high school district at the time said petition was acted upon.

On the 7th of May, 1921, a petition for the creation of said high school district was filed with the board of county commissioners of said county, which on June 11, 1921, was approved by the county school superintendent of said county. On June 13, 1921, the board of commissioners approved the petition for the creation of said high school district with boundaries somewhat different from those described in the petition and thereupon ordered "that an election for the purpose of voting on the formation of the proposed new Rural High School District No. 1, Jerome County, Idaho, be held on the 15th day of July, 1921," said order designating the places in common school districts Nos. 7, 8, 22 and 23, at which said election should be held and appointing judges and clerks therefor.

The election was held on the date fixed and return thereof was made to the county school superintendent of said county, which return was certified by said school superintendent to

said board of commissioners, showing that 127 votes were cast in favor of said district and 33 votes against it.

Appeal was taken to the district court, which affirmed the action of the board of county commissioners, and from said judgment of the district court the matter is brought here for review.

Section 5 of chapter 215, Session Laws, 1921, page 430, reads in part as follows: "The proceedings to create or change the boundaries or character of any school district must be commenced by petition to the Board or Boards of County Commissioners of the county or counties within which the district or districts or territory or territories are to be located, which petition must be filed with said Board or Boards at least twenty (20) days prior to the next regular meeting of said Board or Boards within the meaning of Section 3411, Idaho Compiled Statutes."

Section 12 of the same act reads as follows: "The Board of County Commissioners upon the recommendation of the County Superintendent or upon its own initiative, or both, may modify, approve, or reject the proposal set forth in a petition presented under the provisions of this act."

Section 13 reads as follows: "Upon approval or modification of a petition by a majority of the Board or Boards of County Commissioners of the county or counties within which district or districts or territory or territories affected are located, during its or their regular session next after the filing of a petition, said Board of County Commissioners shall forthwith enter an order directing that the question of organization, consolidation, annexation or division as approved or modified shall be submitted to the voters of the territory or various territories affected thereby at an election to be held separately within each district or unit of territory at a date not less than thirty (30) nor more than sixty (60) days after date of· said entry, and said Board shall immediately thereafter notify the County Superintendent of Public Instruction of the full import of its action, and the County Superintendent shall at once proceed to give

notice of the election in accordance with the provisions of this act, charging the expenses therefor against the districts or territories involved pro rata if there be more than one, or against the district concerned.''

Sec. 18 of said act provides that at the close of the polls, or in case of the annual meeting, immediately after the vote has been completed, the board of election shall compute the result thereof, and within five days thereafter make return of the election to the county superintendent of public instruction, and transmit therewith to the county superintendent all ballots cast at said election and during said annual meeting, whether such ballots were counted by said board or not, or rejected thereby. It further provides that ''The County Superintendent shall thereupon canvass such return and notify the Board or Boards of Trustees of the district or districts concerned of the result of such canvass, and shall place the return of election as canvassed on file in his office, *Provided, however,* that in elections to create or change the boundaries or character of school districts, the County Superintendent upon receipt of the election returns shall certify the same to the Board of County Commissioners. The Board or Boards of County Commissioners shall immediately thereafter, at one of its meetings, canvass said returns and in event a majority of the votes cast are in favor of the proposition or propositions submitted, said Board shall immediately enter an order carrying into effect the expression of the vote, and notify the County Superintendent and Board or Boards of Trustees.''

In the record brought to this court the only entry made by the board of commissioners with regard to the result of said election is as follows:

''RE: SCHOOL DISTRICTS No. 1, 7, 8, 22 and 23.

''The following certificate was at this time read and approved by the Board:

''Return of election from Common School Districts, Numbered 7, 8, 22 and 23, for the creation of Rural High School District #1.

| District | Votes Cast, "Yes" | Votes Cast "No" | Majority. |
|---|---|---|---|
| #7 | 37 | 8 | 29 |
| #8 | 61 | 2 | 59 |
| #22 | 11 | 8 | 3 |
| #23 | 18 | 15 | 3 |
| | 127 | 33 | 94 |

"I hereby certify that the above returns from the districts of 7, 8, 22 and 23 are correct, as certified by the Board of Election of the above-named districts in the Elections held July 15th, 1921.

"MRS. J. L. KEARNEY,<br>"County Superintendent."

No question is raised by appellant as to the sufficiency of this entry as a compliance by the board of commissioners with the provisions of section 18 last above quoted. It seems to us, however, that this entry cannot be considered as meeting the requirement of said section that the board shall "enter an order carrying into effect the expression of the vote." This entry is not in any sense an order of the board of commissioners for the purpose stated and from it no appeal can be taken to the district court. It therefore follows that the judgment of the district court affirming "the action of the board of county commissioners of Jerome county, Idaho, on July 25, 1921, in forming School Districts Nos. 7, 8, 22 and 23 of said Jerome County, Idaho, into Rural High School District No. 1," had no order of said board upon which to stand. The commissioners had taken no action and there was nothing for the district court to affirm.

Notwithstanding the insufficiency of the proceedings before the board of county commissioners subsequent to the election to sustain an appeal, since the election was held in the proposed district we think it proper to examine the question of the validity of said election.

C. S., sec. 3411, so far as it is pertinent to this case, is as follows: "The regular meetings of the board of commissioners must be held at their respective county seats on the

second Mondays in January, April, July and October of each year, and must continue from time to time until all the business before them is disposed of.''

It is the contention of appellant that the statutory provisions quoted are mandatory and that the petition for the creation of said district could have been legally acted upon by said board of commissioners at no meeting earlier than the second Monday of July, 1921, and that since it was acted upon at a meeting held on the 13th day of June, 1921, the action of said board was without jurisdiction.

As to the question of jurisdiction it is only necessary to say that when the petition was filed with the board and the other required preliminaries complied with, about which no question has been raised, the board acquired jurisdiction to act upon the petition, and its jurisdiction was not disturbed by its error in acting upon the petition at an earlier time than the law contemplated. (*State v. Rowe*, 187 Iowa, 1116, 175 N. W. 32, 36; 15 C. J. 729, sec. 14; *Richardson v. Ruddy*, 15 Ida. 488, 494, 495, 98 Pac. 842.)

It may be well to say here that if appellants had desired to try the validity of the order for an election made on June 13th they could have appealed to the district court, and probably at that time could have had a correction of the error of which they now complain. But at that time 14 of the 16 appellants appear to have been satisfied with the order, the order having been made at the request of these 14 appellants and the other petitioners. But having delayed action until the election was held they are now in no position to ask that the expressed will of the voters of the district shall be set aside by the courts because of an irregularity that could not have affected the result. (*Weisgerber v. Nez Perce County*, 33 Ida. 670, 675, 197 Pac. 562.)

We think it is clear from the statutory provisions that the ''next regular meeting'' referred to in section 5, *supra*, was to be determined from section 3411 and that said ''statutory provisions'' refer to meetings beginning on the second Monday of January, April, July or October. As applied to this case it would mean that the petition was to be acted upon

at the meeting of the board of commissioners beginning on
the second Monday of July. The only question then is:
whether or not the error of the commissioners in acting
thereon at a prior date is such an irregularity as to wholly
invalidate the election held under the order of said board.

The meeting on June 13th, at which the election was
ordered by the commissioners, was a regular meeting of said
board, it being a meeting held after a recess taken to said
date from a former date within the regular meeting that had
begun in April. No claim is made by appellants that the
requisite notice of the hearing before the board of commis-
sioners was not given; nor that any voter of the territory to
be included within the district was without full knowledge
of the election; nor that any such voter who desired to vote
was by any means deprived of his right to vote; nor that in
any particular other than the one mentioned the election was
not held strictly in accordance with the law; nor that if
the commissioners had acted upon said petition in literal
compliance with the requirements of the statute there would
have been any different result reached from that which was
reached by the election as it was held.

The rule governing such irregularities as the one involved
in this case is well stated in McCrary on Elections, 4th ed.,
sec. 225.

"While it is well settled that mere irregularity on the part
of election officers, or their omission to observe some merely
directory provisions of the law, will not vitiate the poll,
there has been some confusion and conflict as to what we are
to understand by irregularities, and as to what provisions of
statute are to be regarded as directory and what mandatory.
A few remarks upon this subject will be proper in this con-
nection. The language of the statute to be construed must
be consulted and followed. If the statute expressly declares
any particular act to be essential to the validity of the elec-
tion, or that its omission shall render the election void, all
courts whose duty it is to enforce such statute must so hold,
whether the particular act in question goes to the merits, or
affects the result of the election, or not. Such a statute is

imperative, and all considerations touching its policy or impolicy must be addressed to the Legislature. But if, as in most cases, that statute simply provides that certain acts or things shall be done within a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election." °

The substance of this rule has been affirmed by this court in *Harper v. Dotson,* 32 Ida. 616, 620, 187 Pac. 270.

In the later case of *Weisgerber v. Nez Perce County, supra,* the same rule was enunciated as to the time and manner of giving notice of election and no reason is seen, so far as that case is concerned, for holding that the rule there announced would not apply to the point in controversy in this case.

The rule stated by McCrary, *supra,* is also supported by *Jones v. State,* 153 Ind. 440, 451, 55 N. E. 229; *McDunn v. Roundy,* 191 Iowa, 976, 181 N. W. 453, 454; *State ex rel. Ondler v. Rowe,* 187 Iowa, 1116, 175 N. W. 32, 34; *Viktora v. Cressman,* 41 S. D. 159, 169 N. W. 551; 20 C. J. 179, 180; 25 R. C. L., p. 772, sec. 19, and many other authorities.

We think it would be going entirely too far for a court to say that in case of an election, such as was held in this case, such an irregularity as is complained of should defeat the plainly expressed will of the people to whom the law commits the determination of the question whether or not they will have a local high school. It is inconceivable that this irregularity has had the slightest effect upon the expression of the wishes of the people of the local community who are the persons to be benefited by the high school and who must bear most, if not all, of the expense. In our view of the law their expressed wish must not be overthrown except for the most cogent reasons involving an irregularity in calling or conducting the election for which the law requires the election to be held void, or one which could reasonably affect the result of the election.

For the reasons herein stated the judgment of the district court is reversed, with direction to dismiss the appeal. Costs awarded to respondents.

Rice, C. J., and McCarthy and Lee, JJ., concur.