Lee Electric Company, Appellant, v. City of Corning et al., Appellees.

**MUNICIPAL CORPORATIONS:** Bonds—Election—Stating Amount. A statutory requirement that, in submitting to the electors a proposition to authorize a bond issue, the *amount* of the bonds shall be stated, is complied with by stating the amount at ''not to exceed'' a named amount.

**Headnote 1:** 28 Cyc. p. 1589.

*Appeal from Adams District Court.*—H. K. Evans, Judge.

MARCH 10, 1925.

Action in equity by plaintiff as a citizen and taxpayer of the city of Corning, Iowa, to restrain the defendants from establishing a municipal light and power plant in said city, or the issuing of bonds by said city in payment thereof, for the assigned reason that the election authorizing the erection of said plant and the issuance of bonds therefor was illegal and void. Upon trial of the issues joined, the court dismissed the petition, and entered judgment against plaintiff for costs. Plaintiff appeals.—*Affirmed.*

*Orr & Turner* and *Barnes, Chamberlain, Hanzlik & Thompson,* for appellant.

*Carl Stanley* and *D. H. Meyerhoff,* for appellees.

De Graff, J.—The city council of the city of Corning, pursuant to a petition signed by a majority of the qualified electors of said city, directed the mayor to issue a proclamation calling

for a special election to be held on June 23, 1921, for the submission to the electors of the following propositions:

"Shall the city of Corning, Iowa, erect a municipal electric light and power plant within said city?

"For the issuance of bonds in the sum of not to exceed $60,000 for electric light and power plant purposes.

"Against the issuance of bonds in the sum of not to exceed $60,000 for electric light and power plant purposes."

The mayor of Corning, pursuant to the foregoing petition, duly issued a proclamation containing the propositions to be submitted at the election, in the form above stated. Thereafter, and on June 23d, pursuant to the proclamation, an election was held. The ballot read as follows:

" Shall the following public measure be adopted:

| "Shall the city of Corning, Iowa, erect a municipal electric light and power plant within said city? | : | : | : |
|---|---|---|---|
| | : Yes | : | : |
| | : | : | : |
| | : No. | : | :" |

Below the last question, were printed in spaced paragraphs the propositions heretofore recited, with reference to the issuance of bonds, with appropriate squares to be used by the voter in marking his ballot.

The public measure proposition to erect a municipal electric light and power plant received 561 affirmative votes, and the proposition on the issuance of bonds received 511, respectively, out of a total of 618 cast at the election. Thereafter, the city council, pursuant to said election, proceeded to pass an ordinance providing for the issuance of $60,000 of electric light and power bonds.

The facts are not in dispute, and the disagreement between plaintiff and defendant must find its basis in the varying legal conclusions to be drawn from the facts. The controversy narrows itself to one question: Was the form of the propositions submitted to the electors in substantial compliance with the statute? It is provided in Section 1306-d, Code Supplement, 1913:

"At such election the ballots shall be prepared and used in substantially the following form:

"For the issuance of bonds in the sum of $ . . . . . .
for waterworks, electric light and power plants,
gasworks, heating plants, or sewer purposes,     ·  ·      ☐
"Against the issuance of bonds in the sum of
$ . . . . . . : . . for waterworks, electric light and
power plants, gasworks, heating .plants, or sewer
purposes,                                                   ☐"

Does the question submitted to the electors run counter
to the form prescribed by the statute? Is the language of the
ballot so plain that there could have been no·mistake as to the
proposition submitted? True, the statute prescribed a form of
ballot; but it is clear that it is not the legislative intent that a
question of this nature should be submitted in *haec verba*. In
the instant case, there was no condition attached, and the propo-
sition, as to intent and content, is so obvious that the voters
must have understood that the city of Corning was proposing to
erect an electric light and power plant, and was asking authority
from the electors of the city to issue bonds therefor.

We naturally inquire, what is the specific challenge made
by the appellant? It is first contended that the word "pur-
poses" in the questions submitted makes the proposition indef-
inite and misleading to the electorate. We cannot concur in this
viewpoint. The challenged word must be construed in the light
of the first question on the ballot, to wit:

"Shall the city of Corning, Iowa, erect a municipal electric
light and power plant within said city?"

This is the specific thing to which the attention of the voter
is directed.

The primary challenge on this appeal, however, finds its
basis in the use of the words, "not to exceed $60,000," as found
in the propositions under consideration. There can be no ques-
tion that our statute requires that the ballot should state the
amount of the proposed bond issue. The purpose is plain. It
is the method prescribed whereby the electors may know def-
initely what is proposed in the way of increased taxation and
municipal indebtedness. Clearly, the proposition fixes the maxi-
mum amount of bonds to be issued. We are agreed that the city.
council has no power or authority in the premises except that
derived from the statute, and that the conditions imposed by

the statute are conditions precedent to a valid bond issue. Do
the words "not to exceed" delegate a power to the city council
to fix the amount of the issue? Had the council in question
been authorized to issue $60,000 in bonds under a proposition
that specified that amount without the use of the words "not
to exceed," it would be in the same position as it is now. It
would exercise its judgment, and determine the amount neces-
sary for the purpose. The city council is an administrative
body, and must of necessity exercise discretion in the conduct
of municipal affairs. The legislature has clothed it with general
powers in the management of civic affairs, and it necessarily
exercises a wide discretion. Under the general law, it would
determine the site of an electric light and power plant, direct
and supervise the construction of the plant, and perform all the
duties incidental to its erection. In the performance of these
duties, there is no legal requirement that the council must issue
bonds in the exact maximum amount that has been authorized
by the electors. A prudent council would attempt to reduce the
expenditures for such purpose to the minimum, and its legal
obligations and duties in the premises would be the same, whether
the proposition submitted to the electorate prescribes a maxi-
mum amount with or without the words "not to exceed." This
thought is expressed in the case of *City of Oswego v. Davis*, 97
Kans. 371 (154 Pac. 1124). It is said:

"When once the issue has been authorized by the people,
every prudent municipal government strives to keep the expend-
itures well below the maximum amount authorized by the elec-
tors; and the proposition submitted to the Oswego voters was
simply a request for authority to issue $30,000 in bonds if that
amount was necessary, and the people gave their sanction to such
issue."

In the Kansas case, the ordinance of the city of Oswego
provided for the issuance of bonds in the sum of "not to ex-
ceed $30,000;" and the ballot at the election provided for the
issuance of bonds in the sum of "not to exceed $30,000." The
same proposition was under consideration in *First Nat. Bank v.
City of Laramie*, 25 Wyo. 267 (168 Pac. 728), and in opinion
it is said:

"It is the duty of the council to administer the busi-

ness of the city honestly and economically; and we do not think it was intended by the legislature, by the language used, to do more than require the council to specify the limit of the indebtedness which it asked the electors to approve or disapprove.''

See, also, *Bernheim v. Town of Anchorage*, 159 Ky. 315 (167 S. W. 139).

A city is but the people of a particular municipal unit viewed in the aggregate; and in the successful management of civic affairs, the rules of business and common sense that control in the affairs of the efficient individual may well be adopted. Human agencies are involved; and the people, in selecting these agencies to control in governmental affairs, must rely upon the best judgment and honest endeavor of the men and women intrusted with the functions of government. Every voter knew, or was presumed to know, when he voted for or against the instant proposition, that the city council was under no legal obligation to expend $60,000 for the erection of a municipal light and power plant. He also knew, by the terms of the ballot, that the council could not issue an amount in excess of $60,000 for said purposes.

We are not unmindful that the question presented has been answered to the contrary in certain jurisdictions. See *Stern v. City of Fargo*, 18 N. D. 289 (122 N. W. 403); *State ex rel. Schultze v. Township Com. of Twp. of Manchester*, 61 N. J. L. 513 (40 Atl. 589).

In conclusion, it may be observed that the statute effective at the time the instant case was decided, has been amended, and that the form of the ballot as now prescribed must specify the purpose of the indebtedness, ''not exceeding $...... and issue bonds for such purpose not exceeding $......'' Section 6245, Code of 1924.

Independently of the language of the present statute, which has no bearing or influence in the decision of the instant case, we hold that the propositions as submitted were in substantial compliance with the then existing statute. Wherefore, the judgment entered is—*Affirmed*.

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.