**236 P.2d 91**

**LEWIS et al. v. WOODALL.**

**No. 7827.**

Supreme Court of Idaho.

Oct. 6, 1951.

O. R. Baum, Ruby Y. Brown, Pocatello, for plaintiffs.

Callis A. Caldwell, Soda Springs, for defendant.

GIVENS, Chief Justice.

The preponderantly large area of Joint Class "B" School District No. 150 is in

Caribou County, with a relatively small part of said District in the extreme southeastern portion of Bonneville County.

Prior to the consolidation of several districts, a school evidently had been maintained at Gray in Bonneville County, Twp. 4 S., 43 E., B.M., and in another District at Wayan in Twp. 5 S., 43 E., B.M., in the extreme northern part of Caribou County; the dividing line between the respective Counties being the east and west line between the tier of townships in 4 and 5 South, respectively. Both hamlets or communities were in what is colloquially referred to as the Grays Lake area, Gray being immediately east of about the center, north and south, of Grays Lake and Wayan, southeast of the southern end of Grays Lake, all grazing and stock raising country.

After the consolidation into the present District, the school house at Gray evidently was abandoned and the school house at Wayan used for the Grays Lake area.

August 22, 1950, a bond election in all respects regularly and properly called and noticed, except as hereafter noted, was held in the present District and thereby the voters authorized the issuance of $300,000.-00 worth of bonds.

Voting precinct No. 1 for this election was established as follows: "All of the territory within the boundaries of the voting precinct known as Wayan, Idaho, which is to include also the territory within said district located in Bonneville County, Idaho; and the voting place of such precinct shall be in the School Building in Wayan, Caribou County, Idaho."

All but two of the qualified voters in the District living in Bonneville County voted in Wayan. No one who asked to vote was denied the privilege because he or she did not live in Caribou County. No question was raised as to the validity of the election until after the issuance of the bonds, when the Clerk of the Board refused to sign them on the ground that those electors living in Bonneville County and who voted at Wayan, did so in violation of Art. 6, Sec. 2 of the Idaho Constitution, and particularly the italicized portion thereof, as follows: "Except as in this article otherwise provided, every male or female citizen of the United States, twenty-one years old, who has actually resided in this state or territory for six months, *and in the county where he or she offers to vote, thirty days next preceding the day of election,* if registered as provided by law, is a qualified elector; and until otherwise provided by the legislature, women who have the qualifications prescribed in this article may continue to hold such school offices and vote at such school elections as provided by the laws of Idaho territory."

The present action is one in mandate by the trustees of the consolidated District to compel the Clerk to sign the bonds in compliance with the statute.

Plaintiffs contend the constitutional provision does not apply to school bond elec-

18

tions; Section 33–408, I.C., is to the contrary.

Defendant's contention is that the above Section of the Constitution mandatorily demands that electors vote in the county where they reside.

Plaintiffs urge such requirement is mandatory before the election, but only directory after the election, and unless noncompliance with the above Section has materially and substantially affected the result of the election, and has prevented a full, fair, free, and comprehensive exercise of the right of franchise by those qualified to vote in the district, the election is valid; and that no such or any showing of imperfection is made herein.

Defendant counters with the proposition that a constitutional provision is of greater sanctity than a statutory enactment and thus, not amenable to and susceptible of such construction; and portends the horrendous results and implications if constitutional provisions may thus be construed.

■ This Court has previously announced and adhered to the general principle that statutory rules of construction apply to the interpretation of constitutional provisions; Phipps v. Boise Street Car Co., 61 Idaho 740, at page 747, 107 P.2d 148; and within reasonable limitations, to the application of such constitutional provisions; Higer v. Hansen, 67 Idaho 45, at page 52, 170 P.2d 411; Keenan v. Price, 68 Idaho 423, at page 437, 195 P.2d 662.

■ The only defect in the election was that the people living in Bonneville County who should, under the Constitution, have voted in Bonneville County, went across the line and voted in Caribou County. In a similar, not identical situation, but sufficiently analogous to be applicable, this Court has held that after an election, such statutory requirements, if no substantial right has been affected by noncompliance therewith, may be treated as directory and not mandatory and thus not void the election. King v. Independent School District, 46 Idaho 800, at page 811, 272 P. 507; Harrison v. Board of County Com'rs, 68 Idaho 463, at page 469, 198 P.2d 1013.

Authorities from other jurisdictions in line with this thought are: Buckhouse v. Joint School Dist. No. 28, 85 Mont. 141, 277 P. 961, at page 963, where the factual situation was identical with that herein, and the Court said: "Plaintiffs contend that the electors in Missoula county had no place to vote, and for that reason the election was not valid. The record discloses that about 15 qualified electors of the district reside in Missoula county. The evidence shows, and the court found, that the electors residing in Missoula county voted at Arlee in Lake county. Hence, in view of the decision in the case of Atkinson v. Roosevelt County, 71 Mont. 165, 227 P. 811, the validity of the election is not affected on this account."

McLoughlin v. City of Prescott, 39 Ariz. 286, 6 P.2d 50, at page 53, as to the

general proposition of directory contra mandatory, so construed and applied Weisgerber v. Nez Perce County, 33 Idaho 670, 197 P. 562; relied upon in turn in King v. Independent School Dist., supra. Semke v. Wiles, 101 Okl. 105, 224 P. 312, at page 315, likewise so interpreted Sizemore v. Board of County Com'rs, 36 Idaho 184, 210 P. 137, one of the supporting authorities in King v. Independent School Dist., supra.

This rule is thus clearly justified and supported and needs no further authorities or elucidation. The alternative writ requiring defendant Clerk to sign the bonds, thus validating them, heretofore issued, is made permanent.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.