261 P.2d 811

KEYES et al. v. CLASS "B" SCHOOL DIST. NO. 421 OF VALLEY COUNTY et al.

No. 8001.

Supreme Court of Idaho.

Oct. 9, 1953.

Kibler & Beebe, Nampa, for appellants.

Willis C. Moffatt, Boise, for respondent.

PORTER, Chief Justice.

On March 21, 1952, a school district bond election was held in Class "B" School District No. 421 of Valley County, Idaho. The proposal submitted to the voters was for authorization of the issuance and sale of school district bonds in an amount not exceeding $275,000. The proposal carried by more than the necessary two-thirds majority, 648 voters having cast ballots "for bonds" and 275 voters having cast ballots "against bonds".

Appellants brought this action seeking to enjoin the issuance and sale of the bonds so authorized. Their complaint in substance alleges that the initial action by the board of trustees of the school district in calling the election was illegal and not in accordance with the governing statutes; and that all further proceedings thereafter in giving notice of the election and holding the same were a nullity and of no effect. Respondents by their answer and cross-complaint deny that the initial call for the election was illegal and seek to have the election approved and the bonds validated.

Appellants, Robert M. Keyes and Laurel Hansen, and respondents, Warren ·H. Brown, Kenneth Wilde and Ira Rutledge, constituted the members of the board of trustees and respondent, Bill Kirk, was the clerk, of respondent school district at the time of the call for such bond election.

At the trial of the action the parties stipulated that the facts disclosed by the complaint of plaintiffs, with the exception of Paragraph IX thereof with which we are not now concerned, and the facts set out in the answer and cross-complaint and attached exhibits were true and correct; that there were no facts to be found by the trial court and that the cause was to be decided upon questions of law. The trial court decided the cause in favor of defendants; denied any relief to plaintiffs and

entered judgment approving the election and validating the bonds.

The first contention of appellants is that the meeting of the board of trustees at which the election was called was not held in compliance with Section 33–706, I.C., amended by Session Laws of 1949, Ch. 101, p. 176. This section provides that the regular meetings of the board of trustees of a Class "B" School District shall be held on the second Monday of each month; and special or adjourned meetings may be called by the chairman or by any two trustees from time to time, notice of the time and place thereof being given by *personal notice* to the members, or notice in writing left at the residence of said members at least twelve hours prior to said meetings. The meeting at which the election was called was held on February 19, 1952. The regular meeting date was February 18. At such meeting all members of the board of trustees were present except Robert M. Keyes. It is pleaded by the answer and admitted by the stipulation of the parties that the meeting was postponed from February 18 to February 19 by Warren H. Brown, the chairman of the board, at the request of appellant Keyes. All the trustees being present except Keyes and he having *personal notice* of the meeting, the same constituted a postponed regular meeting with authority to transact business. Gale v. City of Moscow, 15 Idaho 332, 97 P. 828; Sommercamp v. Kelly, 8 Idaho 712, 71 P. 147;

Botts v. City of Valley Center, 124 Kan. 9, 257 P. 226.

Appellants next contend that a majority of the board of trustees did not approve the submission of the question of the issuance of bonds to the electors as required by Section 33–909, I.C. The part of such section material herein reads as follows:

"The board of trustees of any school district in the state of Idaho upon approval of a majority thereof, may submit to the qualified electors, who are resident taxpayers of the district the question as to whether or not the board shall be empowered to issue negotiable coupon bonds of the district in an amount and for a period of time to be named in the notice of election."

The resolution and the action thereon as shown by the minutes of the meeting of February 19, 1952, were as follows:

"Wilde moved to proceed with the advertising of a bond issue the same as was advertised in 1951. Brown called for the question on the motion of advertising the same bond issue as was advertised in 1951. Rutledge and Wilde in favor of the motion with Hansen dissenting. The motion carried.

"Hansen requested that he be put on record as being in favor of a full Board before the above action be taken."

It thus appears that only two members of the board of trustees voted for such reso-

lution and that Brown, the chairman of the board, did not vote. The statute uses the words, "upon approval of a majority thereof". In the answer of defendants we find the following allegations of fact which under the stipulation of the parties we must deem to be true, to-wit:

" *. * *; that the chairman, defendant Warren Brown, who had presented the question to the Board for consideration, did not vote, but that at said meeting, as well as upon numerous occasions during the preceding years at Board meetings and elsewhere, defendant Brown, as chairman of said Board of Trustees and as a voter within the District, had approved and favored the said bond issue and had expressed himself as favoring the said election; *and that at said meeting the chairman fully approved the submission of the matter to the electors and expressed himself in agreement with the motion,* but, as presiding officer, did not feel he should vote on said question since a majority of the trustees present, excluding the chairman, had voted favorably on the question; * * *". (Emphasis supplied.)

In Boise City v. Better Homes, 72 Idaho 441, 243 P.2d 303, where the statutes governing the City of Boise provided for the call of an election by the mayor and city council and the record did not show that the mayor actually joined in the call but did show that he participated in the proceedings of the city council in calling the election, we held that the mayor in effect joined in the call and that the matter was a mere informality. See generally, Village of Oakley v. Wilson, 50 Idaho 334, 296 P. 185; Real Properties v. Board of Appeal of Boston, 311 Mass. 430, 42 N.E.2d 499; 78 C.J.S., Schools and School Districts, § 123, pages 911–912.

The approval of the chairman of the board of trustees, while irregular, is sufficiently indicated by the admitted facts to constitute a sufficient compliance with Section 33–909, I.C.

Appellants contend that the provision in the resolution calling the bond election which provided for "advertising the same bond issue as was advertised in 1951" is defective and insufficient to sustain the calling of the bond election. There is attached to the minutes of the meeting a copy of the 1951 resolution calling for a bond issue which is full and complete both as to the amount of bonds, the rate of interest and other statutory requirements for the calling and holding of an election. The board's procedure was merely an irregularity, not a failure to substantially comply with the statute.

The notice of election provided as follows:

"Shall the Board of Trustees of Class B School District No. 421 in Valley County, Idaho, be empowered to issue negotiable coupon bonds of the District in the amount of not exceeding Two Hundred Seventy Five Thousand and no/100 ($275,000.00)

Dollars, bearing interest at a rate not exceeding 4 per cent per annum; * * *." Appellants urge in their brief that such notice is defective as not stating a definite amount of bonds or a definite rate of interest. The provisions in the notice substantially comply with Section 33–909, I.C., and the contention of appellants is without merit. Lee Electric Co. v. City of Corning, 199 Iowa 680, 202 N.W. 585; City of Oswego v. Davis, 97 Kan. 371, 154 P. 1124; First Nat. Bank of Laramie City v. City of Laramie, 25 Wyo. 267, 168 P. 728; Bernheim v. Town of Anchorage, 159 Ky. 315, 167 S.W. 139.

It will be noted that all the irregularities urged by appellants go to the matter of the call for the election. Nowhere is it pleaded or urged by appellants that the election itself was not duly and regularly held or that any voter was hindered in or deprived of his right to vote by such irregularities or that such irregularities in any way affected the result of the election.

. It must be borne in mind that it is the electors of the school district and not the board of trustees that have the power to authorize the issuance of bonds. Likewise, the power to initiate the calling of an election is in the board of trustees. There is no question here of a lack of power on the part of the board to call the election but it is charged in effect that there were vitiating irregularities in the exercise of such power.

We have consistently held that the provisions of the statutes regulating school elections are mandatory if invoked before the election, but after the election are to be construed as directory in the absence of a statute to the contrary, and if the failure to fully comply with same does not affect the results of the election. Sizemore v. Board of County Com'rs, 36 Idaho 184, 210 P. 137; King v. Independent School Dist., 46 Idaho 800, 272 P. 507; Boyd v. Bickel, 13 Idaho 191, 89 P. 631; Weisgerber v. Nez Perce County, 33 Idaho 670, 197 P. 562; Harrison v. Board of County Com'rs, 68 Idaho 463, 198 P.2d 1013; Lewis v. Woodall, 72 Idaho 16, 236 P.2d 91; Boise City v. Better Homes, supra. There is no statute declaring that a strict compliance with Section 33–909, I.C., is mandatory. There is no contention by appellants that the actual election was in any way affected by any of the irregularities of which complaint is made. We are of the opinion that the election was legal and valid and that the issuance and sale of the bonds by the school board was duly authorized.

In view of the foregoing holding we deem it unnecessary to discuss the affirmative defense of estoppel urged by respondents.

The judgment of the trial court is affirmed. Costs are awarded to respondents.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.