THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY V. THE BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF LYON *et al.*

No. 14,251.   ( 82 Pac. 519.)

SYLLABUS BY THE COURT.

STATUTORY CONSTRUCTION—*Vacation of Streets.* An act of the legislature which in express terms vacates the streets of an addition to a city, with a proviso that certain streets therein shall not be affected by the act, does not have the effect of vacating the entire addition or of detaching the same from the city.

Error from Lyon district court; DENNIS MADDEN, judge. First opinion filed October 7, 1905. Affirmed. Rehearing granted November 11, 1905. Second opinion filed March 10, 1906. Reaffirmed.

*A. A. Hurd, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*J. Harvey Frith,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: The Atchison, Topeka & Santa Fe Railway Company brought this action to recover certain taxes which it claimed were illegal and which had been paid under protest. The taxes amounted to $837.72, and were levied for general city purposes by the city of Emporia upon property of the plaintiff located in

Ruggles's addition to that city. The board of county commissioners of the county of Lyon, the city of Emporia and the treasurer and county clerk of Lyon county were made defendants. A jury was waived and the case tried by the court, which found that the territory subjected to taxation was a part of the city of Emporia, and rendered judgment against plaintiff for costs. The railway company brings the case here for review. The only errors assigned are that the court erred in rendering judgment in favor of defendants, and in denying the motion for a new trial.

The legislature, by an act passed in 1877, vacated certain streets in Ruggles's addition to the city of Emporia. (Laws 1877, ch. 196.) Afterward, on March 18, 1884, the city of Emporia, by an ordinance, attempted to annex this same addition to the city.

Plaintiff in error asserts that there is but one question in the case, and insists that this question is whether or not Ruggles's addition was legally annexed, basing its argument wholly upon the claim that the ordinance of March 18, 1884, attempting to annex the territory was inoperative and void because the land then was unplatted property—in effect, acre property, lying outside the city—and that "without the consent in writing of the owners of a majority of the whole number of acres owned by residents of Kansas" it could not be annexed simply by ordinance. The constitutionality of the ordinance is also attacked because the enacting clause does not contain the name of Ruggles's addition. Defendants in error, on the contrary, claim that the act of the legislature of 1877 never vacated Ruggles's addition; that, if it did, the ordinance of March 18, 1884, being valid, operated to annex the addition to the city and leave the territory in the same situation as though there had been no vacation.

Broadly speaking, there is but one question here, which may be stated as follows: At the time of the levy of the taxes sued for was Ruggles's addition a part of the city of Emporia? This single question is easily disposed of, in our view of the effect of chapter

196 of the Laws of 1877. The title of the act is as follows:

"An act to vacate the town of Elmdale, and Wood's addition to Cottonwood Falls, and certain streets and alleys in the town of Cottonwood, Chase county, Kansas, and the town of Republic City, in Clay county, Kansas, and the streets in Ruggles's addition to the city of Emporia, in Lyon county, Kansas."

Section 2 reads as follows:

"That the streets in Ruggles's addition to the city of Emporia, in the county of Lyon, in the state of Kansas, be and the same hereby are vacated; provided, that the street on the east of said addition and the street on the west of said addition shall not be affected by this act."

It is clear that the legislature did not by this act intend or attempt to vacate any part of Ruggles's addition to the city of Emporia except the streets. This appears from the language of the title of the act as well as that of section 2. In the title a plain distinction is made between the vacation of platted towns and additions, such as "Wood's addition to Cottonwood Falls," and the vacation merely of "streets and alleys" in another platted town and "the streets" of Ruggles's addition. In section 2 the words declaring the vacation follow the title and refer only to the streets of Ruggles's addition. Without determining what effect the vacation of the entire addition would have upon the lands embraced therein, it follows from what has been said that no part of Ruggles's addition was vacated except the streets referred to in the act, and that this left the addition within and a part of the city of Emporia. To arrive at this conclusion we have only to give the words of the statute their ordinary meaning; and this should be done, "unless, from a consideration of the whole act, it apears that a different meaning was intended." (*The State v. Bancroft,* 22 Kan. 170, 201.) The citation of additional authorities seems unnecessary. The judgment is affirmed.

All the Justices concurring.

## OPINION ON REHEARING.
(84 Pac. 1031.)

### SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Annexation of Territory—Collateral Attack.* Where a city of the second class has attempted by an ordinance to annex certain territory, and in pursuance thereof has exercised municipal authority over the same for eighteen years, levying and collecting taxes thereon and creating it in all respects as an integral part of the municipal organization, the validity of the ordinance cannot be attacked in a collateral proceeding by a private party who seeks to recover taxes levied upon property in such territory upon the ground that it is not a part of the city.

The opinion of the court was delivered by

PORTER, J.: A petition for rehearing was granted in this case. The action involves the question whether Ruggles's addition is a part of the city of Emporia. On the former hearing plaintiff in error relied upon two grounds: (1) That the act of 1877 (Laws 1877, ch. 196) vacated Ruggles's addition to the city of Emporia; (2) that a certain ordinance of the city, passed in 1884, by which the city claimed that the addition was annexed, was invalid. In the former opinion but one question was considered, and, upon determining that the act of 1877 only vacated certain streets in the addition, it was not deemed necessary to consider the second contention of plaintiff in error. It was assumed from the briefs that Ruggles's addition was at one time within the city, and, if the act of 1877 did not have the effect to vacate and detach it, it was still a part of the city. It appears, however, that at the time the act of 1877 was passed the addition was not, and never had been, a part of the city, and the only question after all is whether the ordinance of 1884 had the effect of annexing the addition. For these reasons the rehearing was allowed. Plaintiff in error now concedes that the act of 1877 has nothing to do with the case, but insists that the

ordinance was insufficient to annex the addition. The ordinance in question reads as follows:

"An ordinance annexing Lewis's addition, Mrs. Lewis's addition, Ruggles's addition, Kellogg's addition, Heritage's addition, Perley's addition, Potwin's subdivision, Normal and Cottonwood Place to the city of Emporia.

"Whereas, those certain parcels of land lying adjacent to the city of Emporia, Lyon county, state of Kansas, and known respectively as Lewis's addition to Emporia, Mrs. Lewis's addition to the city of Emporia, Ruggles's addition to the town of Emporia, Kellogg's addition to Emporia, Heritage's addition to the town of Emporia, Perley's addition to the city of Emporia, Potwin's subdivision, Normal and Cottonwood Place have been subdivided into town lots; and, whereas, plats thereof have been filed in the office of the register of deeds for Lyon county, state of Kansas: therefore,

*"Be it ordained by the mayor and councilmen of the city of Emporia, Lyon county, state of Kansas:*

"SECTION 1. That all such portions of Lewis's addition to Emporia, Mrs. Lewis's addition to the city of Emporia, Kellogg's addition to Emporia, Heritage's addition to the town of Emporia, Perley's addition to the city of Emporia, Potwin's subdivision, Normal and Cottonwood Place as are surveyed and subdivided into town lots and platted and recorded as aforesaid be, and the same are hereby, annexed to the said city of Emporia, and made to all intents and for all purposes contemplated in the law under which said city is incorporated a part of said city.

"SEC. 2. That the several parcels of land taken into said city by this ordinance be, and the same are hereby, attached to the several wards of said city, for municipal purposes, in the following manner, to wit: Lewis's addition to Emporia, to the first ward; Mrs. Lewis's addition to the city of Emporia, to the first ward; Ruggles's addition to the town of Emporia, to the third ward; Kellogg's addition to Emporia, to the fourth ward; Heritage's addition to the town of Emporia, to the first ward; Perley's addition to the city of Emporia, to the fourth ward; Potwin's subdivision to the second ward; Normal, to the first ward; and Cottonwood Place, to the second ward.

"SEC. 3. This ordinance shall take effect and be in force from and after its publication once in the Emporia *Daily Republican.*

"Approved March 17, A. D. 1884.

S. B. WARREN, <em>Mayor.</em>"

It was evidently the intention of the city to annex Ruggles's addition. This purpose appears in the title, in the preamble, and in section 2; but in section 1, which enumerates what additions are annexed, Ruggles's addition does not appear. In section 2 the ordinance attempts to attach Ruggles's addition to the third ward of the city, evidently upon the assumption that the addition had been named in the preceding section. The evidence shows that for eighteen years the city has exercised authority over the addition and levied and collected general and special taxes thereon, and treated the territory in all respects as though it had been annexed by this ordinance and as constituting an integral part of the city.

Whether the omission of the name of Ruggles's addition from section 1 of the ordinance rendered the ordinance inoperative as to this addition it is not necessary to decide, for a much more serious difficulty confronts plaintiff in error. By this proceeding it makes a collateral attack upon the municipal existence of the city of Emporia, and assails its corporate integrity, as was said in *Topeka v. Dwyer,* 70 Kan. 244, 247, 78 Pac. 417, "in the same manner as if the city's original organization were attacked, since every extension of corporate limits to include new territory is to that extent a reorganization." Under the authority of that case this cannot be permitted. There was an attempt by the city to annex this territory by the ordinance, followed by an actual extension of municipal authority over it for a long period of years. We hold that the ordinance furnished sufficient "color of law" upon which to base the city's claim that the addition was annexed, and, being acted upon by the city for eighteen years without protest or question, the addition was in

fact a part of the city; and the authority of the city to exercise municipal functions over and to treat it as an integral part of the city "cannot be collaterally drawn in question by private parties." (*In re Short, Petitioner,* 47 Kan. 250, 27 Pac. 1005; *Levitt v. Wilson, post.*

The authorities are collated and discussed so fully in *Topeka v. Dwyer,* 70 Kan. 244, that we deem it unnecessary to cite them here. The judgment is affirmed.

All the Justices concurring.