THE PEOPLE ex rel. James E. Owen, Appellee, vs. WIL-
MER H. DUNN, Appellant.

*Opinion filed December 21, 1910.*

1. NAMES—*the law recognizes only one christian name.* The
law recognizes only one christian name, and a middle name or in-
itial is not material in any legal proceeding.

2. JURISDICTION—*when finding of court that it had jurisdiction
is overcome.* A finding by the county court, in granting the prayer
of a petition for an additional drainage assessment, that it had ju-
risdiction of the non-resident land owners by due publication and
mailing copies in the manner required by law, is overcome as to a
non-resident land owner where his name is not among the names of
non-resident land owners stated in the affidavit filed with the pe-
tition or the one filed when the time for the hearing was fixed and
does not appear in any part of the record or files.

3. DRAINAGE—*when the court is without jurisdiction to confirm
a drainage assessment against lands of a non-resident.* The county
court is without jurisdiction to confirm a drainage assessment
against lands of a non-resident owner or to render judgment and
order of sale for the unpaid assessment, where such non-resident
was never made a party to the proceeding and his name does not
appear at any place in the record and files.

APPEAL from the County Court of Iroquois county; the
Hon. JOHN H. GILLAN, Judge, presiding.

J. W. KERN, and C. G. HIRSCHI, for appellant.

JOHN P. PALLISSARD, State's Attorney, and A. F. GOOD-
YEAR, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

At the June term, 1910, of the county court of Iroquois
county, the county collector made application for judgment
and order of sale against the lands of Wilmer H. Dunn,
appellant, for delinquent drainage tax due Crescent Drain-
age District No. 1. Said drainage district was organized
several years ago under the Levee act, and the taxes for
which judgment was sought were assessed against the lands

under an order of the county court for an additional as-
sessment of the lands of the district for additional work
and repairs.  The commissioners of the district presented
a petition to the county court July 22, 1907, representing
that it was necessary to do certain additional work in said
Crescent Drainage District No. 1 and to make certain re-
pairs therein, and that there were no funds on hand with
which to do the work and make the repairs.  The petition
averred that $26,000 would be required for the additional
work, and prayed an order directing said sum to be levied
on the lands of the district benefited thereby, for that pur-
pose.  August 8, 1907, was fixed by the court as the date
for the hearing upon said petition.  At the time the peti-
tion was presented to the court and filed therein the com-
missioners presented an affidavit, sworn to by all three of
them, setting out the names of all persons said to be non-
resident owners of lands in said district, with the places of
their residence and addresses.  This affidavit was sworn to
by the commissioners on the 29th day of June but was not
filed until the 22d day of July following, which, as we have
said, was the date the petition was presented to and filed
in the court.  The clerk's certificate states that within three
days after the first publication of notice to non-resident
owners, a copy of which publication was appended to the
certificate, he mailed a copy thereof to each of the persons
named in the affidavit, directed to their respective places of
residence as stated therein.  On the day of the hearing un-
der the petition the court entered an order finding that it
had jurisdiction of the non-resident owners by due publi-
cation and mailing copies in the manner required by law,
and entered an order granting the prayer of the petition.
Subsequently the commissioners reported to the court they
had procured the right of way for the work proposed to be
done, and on April 14, 1909, the court ordered the assess-
ment made by a jury, for the reason that all the commis-
sioners were land owners in the district.  The jury em-

paneled under the order returned an assessment roll May 19, 1909, and May 31, 1909, was fixed as the time for hearing objections thereto and notice ordered given of said hearing. On the day the assessment roll was returned by the jury, May 19, 1909, the commissioners filed an affidavit setting out the names of all persons stated therein to be non-resident owners of land in said district, giving their places of residence and addresses, and publication was made as to them. The hearing of objections to the assessment roll was continued from time to time until June 16, 1909, when it was approved and confirmed by the court. Appellant refused to pay the assessment against his lands and objected to judgment and order of sale being entered, on the ground that the court had no jurisdiction to order the assessment made and to confirm the same after it was made. The objections were overruled and judgment was rendered as prayed by the collector, from which this appeal is prosecuted.

The claim of want of jurisdiction of the county court is based upon two grounds: First, that the affidavit as to non-resident land owners, filed when the petition for the additional assessment was filed, July 22, 1907, was sworn to by the commissioners on the 29th day of June preceding, and publication thereunder was unauthorized; second, that in neither of the affidavits as to non-resident land owners was the name of appellant given as a land owner in the district, and that no notice of the proceeding at any stage was mailed to him by the clerk.

We do not find it necessary to consider the first contention. Appellant was never at any time made a party to the proceeding or notified of the filing of the petition, the hearing thereon or of any subsequent action of the court, including the hearing upon the report of the assessment roll by the jury and its confirmation by the court. The only place in the record and files of the proceedings under the petition for the additional assessment where the

names of non-resident land owners purport to be given, is in the affidavit of non-resident land owners filed by the commissioners with the petition and the affidavit of non-resident land owners filed when the time for hearing on the report of the assessment roll was fixed. In none of these, nor in the assessment roll, does the name of Wilmer H. Dunn appear. The lands assessed had formerly belonged to the father of appellant, Hiram Dunn, who died in 1876. Both affidavits as to non-resident land owners stated Hiram Dunn was a non-resident owner of lands in the district, and in the assessment roll the lands were described as the property of Hiram Dunn. Appellant's full name is Wilmer Hiram Dunn, but he testifies he had never been called or known by the name of Hiram. Appellee contends that appellant was a party to the proceeding under the name of Hiram Dunn, and that Hiram being a part of his name, the court acquired jurisdiction of his person by publication. The law recognizes only one christian name, and a middle name or initial is not material in any legal proceeding. *Thompson* v. *Lee,* 21 Ill. 241; *Claflin* v. *City of Chicago,* 178 id. 549; *Illinois Central Railroad Co.* v. *Hasenwinkle,* 232 id. 224; *Beattie* v. *National Bank of Illinois,* 174 id. 571; *Erskine* v. *Davis,* 25 id. 228; *Miller* v. *People,* 39 id. 457; *Tucker* v. *People,* 122 id. 583.

It appears from the record of the additional assessment proceeding that Wilmer Dunn was not a party to it. The affidavits of non-residence of Hiram Dunn, publication notices as to him and mailing to him copies thereof, could not give the court jurisdiction of appellant. Where want of jursdiction thus appears the finding of the court that it had jurisdiction is overcome. This is unlike a case where one who was a party to the proceeding seeks in a collateral proceeding to contradict the finding of the judgment that the court had jurisdiction of all the parties. The county court could not acquire jurisdiction, by publication or otherwise, of one who was never made a party to the

proceeding and whose name did not appear in the record or files in the proceeding. The court was therefore powerless to confirm the assessment against appellant's lands, and had no authority to render judgment against them and order the lands sold for non-payment of the void assessment. *Payson* v. *People,* 175 Ill. 267 ; *Frank* v. *Rogers,* 220 id. 206.

The county court erred in overruling the objections and rendering judgment against the lands of appellant and ordering their sale. The judgment is therefore reversed and the cause remanded, with directions to the county court to sustain the objections.

*Reversed and remanded, with directions.*