(No. 10956.)

THE PEOPLE *ex rel.* John E. Moyer, County Collector, Appellant, *vs.* NANCY HAUSEN *et al.* Appellees.

*Opinion filed December 21, 1916.*

1. MUNICIPAL CORPORATIONS—*what provision of a special charter is inoperative after organization under general law.* A provision of a special charter of a municipal corporation providing for the annexation of territory by the mere platting of land adjoining the territory of the corporation into lots and recording the plat, is inconsistent with the method of annexation provided in the general act for the incorporation of cities and villages and becomes inoperative after the municipality has organized under the general law.

2. SAME—*question whether objectors' property has been lawfully annexed is properly raised on application for judgment for city taxes.* Whether the property of the objectors has been lawfully annexed to the city or village is a proper question to be raised on the application of the county collector for judgment for municipal taxes against the property.

APPEAL from the County Court of Lee county; the Hon. JOHN B. CRABTREE, Judge, presiding.

HARRY EDWARDS, State's Attorney, and E. E. WINGERT, for appellant.

J. W. WATTS, and H. A. BROOKS, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lee county sustaining objections to the application of the county collector for judgment for city taxes against real estate belonging to a large number of persons. The

tax was extended against the property of the objectors on the theory that said property was within the corporate limits of the village of Franklin Grove.

The town of Franklin Grove was incorporated under a special act of the legislature in 1865. Section 3 of said special act provided: "Whenever any tract of land adjoining the town of Franklin Grove shall be laid off into town lots and recorded according to law, the same shall be annexed to and form a part of the town of Franklin Grove." July 16, 1872, the town of Franklin Grove voted to organize under the general act for the incorporation of cities and villages. In 1883 Richard A. Canterbury caused land owned by him adjoining the village of Franklin Grove to be platted into lots, blocks, streets and alleys. The plat was properly acknowledged and recorded and the land was called Canterbury's addition to Franklin Grove. Another addition was surveyed, laid out and platted of land adjoining the village of Franklin Grove by the owner, Jerome B. Hussey. The plat was acknowledged and recorded and the land called Hussey's addition to the village of Franklin Grove. Two other additions by the owner, Columbus D. Hussey, were surveyed, laid out and platted in 1898 and 1899, called Hussey's Third and Hussey's Fourth additions to the village of Franklin Grove. A city tax levied by virtue of a city ordinance was extended against the lots in these additions. The owners refused to pay this tax, claiming the property was not in the village of Franklin Grove, and when application was made for judgment objected to the judgment. The objections were sustained, and from the judgment of the county court sustaining the objections and refusing judgment this appeal is prosecuted.

It will be seen that all of the additions to the village of Franklin Grove were laid out and platted after the village had organized under the general Incorporation act for cities and villages. The method of annexing territory to a city or village under that act is entirely different from the

method provided by the private charter of the town of Franklin Grove. The general act requires a petition of a majority of the legal voters and a majority of the property owners in the territory sought to be annexed and a submission of the question to a vote of the city or village, and in case a majority vote for annexation the city council or board of trustees is required, within ninety days, to annex the territory by ordinance. By section 3 of the private charter of the town of Franklin Grove the mere platting of land adjoining the corporation into lots and recording the plat annexed the property to the village. The principal question involved for decision is whether by organizing under the general act the provision of the special charter with reference to the annexation of territory was repealed or ceased to be effective.

The general act provides (art. 1, sec. 6,) that it shall apply to all cities and villages organized under the act, and all laws in conflict with the act shall be no longer applicable, "but all laws or parts of laws, not inconsistent with the provisions of this act, shall continue in force and applicable to any such city or village, the same as if such change of organization had not taken place."

Appellant's contention that there is no inconsistency between the general act and the special charter cannot be sustained. (*Murray* v. *City of Virginia,* 91 Ill. 558.) In that case the city of Virginia was incorporated by special act containing a provision with reference to annexation similar to that in the private charter of the town of Franklin Grove. Subsequently it organized under the general Incorporation act. Before this was done an owner of land adjoining the corporation platted it and filed the plat for record. After the organization under the general act another adjoining owner platted land into lots and blocks and filed the plat for record. A city tax was extended against the property in both additions and the owners objected to judgment. The county court gave judgment for the tax against the

land in the addition laid out and platted before the general
act was adopted and refused judgment against the property
in the addition laid out and platted after the city organized
under the general act. That judgment was affirmed by this
court. It was held that after the city became incorporated
under the general law the provisions of that law governed
the annexation of territory. That case cannot be distin-
guished from this case and is conclusive of the question.
*Covington* v. *City of East St. Louis,* 78 Ill. 548, is not in
point.

Appellant relies on decisions where it has been held that
where a private charter of a city or village also contains
provisions for the organization and maintenance of schools
in the city or village, the subsequent organization under the
general act does not abrogate or repeal the provisions of the
private charter with reference to the schools. Those cases
are not in point. The general act for the incorporation of
cities and villages makes no attempt to deal with the organi-
zation or maintenance of public schools, and its provisions
are not inconsistent with those of a private charter on the
subject of schools. *Smith* v. *People,* 154 Ill. 58; *Brenan*
v. *People,* 176 id. 620.

Appellant also contends that whether the property of
objectors had been annexed to the town of Franklin Grove
is a question that cannot be raised in this proceeding. This
is a misapprehension, as will be seen by referring to *Murray*
v. *City of Virginia, supra, People* v. *Dunn,* 247 Ill. 410,
*People* v. *Chicago, Burlington and Quincy Railroad Co.* 231
id. 463, and *People* v. *Welch,* 252 id. 167.

The judgment of the county court is affirmed.

*Judgment affirmed.*