### BIGGERSTAFF v. CITY OF ALTUS et al.

No. 16127—Opinion Filed Feb. 9, 1926.

(Syllabus.)

1. **Municipal Corporations — Adding New Territory Abutting City Boundaries on Three Sides—Notice Unnecessary.**

Under the provisions of section 4463, Comp. Stat. 1921, the city council may add to the city such other territory adjacent to the city limits as it may deem proper, and no notice to or consent of the owners thereof is necessary where it appears that three sides of such additional territory are adjacent to or abutting on property already within the city limits.

2. **Same—Annexation by Ordinance Extending City Limits.**

A city ordinance which extends the limits and boundaries of the city so as to include additional territory is tantamount to annexing said territory to the city.

3. **Same—Validity Unaffected by Failure to File Map and Ordinance with County Clerk.**

The failure of the mayor of a city to cause a map of additional territory, together with a copy of the ordinance, annexing the same to the city, to be filed in the office of the county clerk in compliance with section 4469, Comp. Stat. 1921, does not affect the validity of the ordinance.

4. **Same—Validity of Ordinance—Collateral Attack for Irregularities.**

When sufficient facts exist to confer authority and jurisdiction on the city council to annex adjacent territory to the city, and there has been a substantial compliance with the provisions of the statutes relating thereto, the validity of such annexing ordinance cannot be attacked in a collateral proceeding by reason of defects, informalities, or irregularities in its passage.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by A. M. Biggerstaff against the City of Altus and A. C. Lock, County Treas-

urer of Jackson County. Judgment for defendants, and plaintiff appeals. Affirmed.

Frank Petree, for plaintiff in error.

L. A. Pelley, City Atty., for defendants in error.

MASON, J. Plaintiff in error, plaintiff below, instituted this action against the city of Altus and A. C. Lock, as county treasurer of Jackson county, Okla., asking injunctive relief upon the grounds that the tax authorities of said city had made assessments for paving tax against certain property of the plaintiff, and that they were without authority to make said assessment, for the reason that said property was not situated within the corporate limits of said city.

The record discloses that the city of Altus has been a city of the first class since 1909; that on the 15th day of June, 1922, the city council enacted an ordinance defining and establishing the boundaries and limits of the city; that said ordinance included all lands which were included within the boundaries and limits previously established by ordinance, and, in addition, included several blocks of Agnew addition to said city which embraced the plaintiff's lots involved herein; that three sides of such additional territory were adjacent to and abutting on property already within the city limits; that since the passage of said ordinance the city had exercised municipal control over the same and had without objection made valuable and lasting improvements thereon by paving the streets adjoining the property of the plaintiff.

Upon trial of the case, the plaintiff offered the evidence of the county assessor to the effect that the lots of the plaintiff involved herein were not and never had been assessed for taxation within the city limits of Altus, but that they were listed for taxation in Baucum township, which adjoined said city. It appears that the assessor's testimony was based upon the last assessment, which was made in the spring of 1923, and based upon a map in his possession which showed said property to be outside the city limits of Altus.

The plaintiff next introduced Elsie Maxwell as a witness, who testified that she was and had been the county clerk of Jackson county for nearly four years; that she had made a search of the records of her office and had not found a copy of an ordinance of the city of Altus or a map which showed the lots herein involved to have been annexed to and included within the city limits of Altus. This constitutes all the evidence offered by the plaintiff, after which the demur-

rer of the defendants thereto was overruled. In this, we think the trial court erred.

Over the objection of plaintiff, ordinance No. 153 of the city of Altus, being the ordinance above referred to, was admitted in evidence by the defendants.

The defendants also introduced the evidence of the city engineer, to the effect that the additional territory included within the city limits, as fixed by said ordinance, had three sides adjacent to and abutting on property already within the city limits of Altus. The defendants also introduced a map of Agnew addition showing the boundary lines of the city as fixed by ordinance 153, which showed the lots under consideration to be within said limits.

The court found that the lots under consideration were added to the city by ordinance No. 153, and that at the time said ordinance was passed the city embraced three sides of the additional territory included within the city limits, and for that reason no written consent of the owners or residents thereof was necessary, and that said annexation was legal. Plaintiff was denied the relief prayed for, and judgment was rendered for the defendants, from which the plaintiff has duly perfected his appeal.

For reversal, it is contended that the trial court erred in admitting ordinance No. 153 in evidence for the following reasons:

(1) Because no notice was given to the property owners of the city's intention to annex said property.

(2) Because it is not an ordinance of annexation, but an ordinance fixing and establishing the boundaries of the city.

(3) Because a certified copy of the ordinance, together with an accurate map of the territory affected, was not filed in the office of the county clerk.

Section 4463, Comp. Stat. 1921, provides as follows:

"The city council, in its discretion, may add to the city such other territory adjacent to the city limits as it may deem proper, and shall have power to increase or diminish the city limits in such manner as, in its judgment and discretion, may redound to the benefit of the city: Provided, that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one resident thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added, except that when three sides of such additional territory is adjacent to, or abutting on, property already within the city limits, such territory may be added to the

city limits without the consent hereinbefore mentioned; provided. * * *"

Inasmuch as three sides of· the additional territory added to the city by said ordinance was adjacent to and abutting on property already within the city limits, no notice of the city's intention to pass said ordinance was necessary.

We see no merit in the next contention, that the ordinance was not one of annexation.

"Generally the character of a measure passed by the council is to be determined, not by its name or form, but by its nature and effect." 28 Cyc. 356.

Although said ordinance was designated "an ordinance defining and establishing the boundaries and limits of the city, * * *" yet it extended the boundaries and limits of said city so as to include the property under consideration, and in effect it was nothing more nor less than an ordinance annexing said property to the city.

The third contention is based upon section 4469, Comp. Stat. 1921, which provides:

"When any territory is annexed by ordinance * * * to any city * * * it shall be the duty of the mayor of the city * * * to cause an accurate map of such added territory, together with a copy of the ordinance for the annexation, * * * duly certified, to be filed and recorded in the office of the register of deeds of the county in which such added territory or the greater portion of it is situated. * * *"

It is apparent from reading this section that the filing of a copy of the ordinance and map is not jurisdictional nor a prerequisite to the enactment of such ordinance, but is merely directory and to be done "when the territory is annexed." The failure to record the ordinance and map therefore would not affect the validity of the ordinance. Nor would the failure of the county assessor to list said property for city taxes affect the validity of the ordinance.

It is next urged that said ordinance was inadmissible for the reason that it was not certified under the hand of the proper officer as required by section 645, Comp. Stat. 1921. This section has reference to the use in evidence of copies of ordinances, and therefore is not applicable to the instant case, inasmuch as the record discloses that the original ordinance, together with the affidavit of publication, was introduced in evidence.

Complaint is also made that the record discloses defects, informalities, and irregularities in the passage of said ordinance. We might concede this to be true, and yet the validity of the ordinance would not be affected thereby. We are of the opinion that sufficient facts existed to give the city council authority and jurisdiction to annex said territory by ordinance, and its proceedings were, at least, in substantial compliance with the statutory provisions. It then follows that, the council having acquired jurisdiction and having proceeded to act in the premises, its acts were, at least, under color of law, and such acts cannot be questioned in a collateral proceeding.

In the case of City of Blackwell v. City of Newkirk, 31 Okla. 328, 121 Pac. 260, Ann. Cas. 1913E, 441, this court, speaking through Mr. Justice Hayes, said in part:

"Section 458 of Wilson's Rev. & Ann. St. provides that the city council may annex other territory adjacent to the city limits at such time as it shall be desirable, in the opinion of the .council, to make such additions; 'Provided that in no case shall any additional territory, except when subdivided into tracts or parcels of less than five acres, with more than one resident thereon, be added to the city limits without the consent in writing of the owners of a majority of the whole number of acres owned by residents of the territory to be added: * * * Provided, that the tracts of land in excess of five acres used for agricultural purposes shall not be subject to city taxes.' This statute authorizes cities of the first class to enlarge their corporate areas by annexing territory, and is, to that extent, one for the organization of such corporations. City of Topeka v. Dwyer et al., 70 Kan. 244, 78 Pac. 417. Plaintiff seeks by this contention to attack in a collateral proceeding the corporate existence of the city as to these additions. That it cannot do so is well settled by the authorities.

"Where a municipal corporation is acting under color of law, and its existence is not questioned by the state, it cannot be collaterally drawn in question by private parties; and the rule is not different, although the Constitution may prescribe the manner of incorporation. Article 43, 1 Dillon's Municipal Corporations (4th Ed.)

"For a period of about nine years the city of Newkirk has exercised municipal authority over these additions, levying and collecting taxes thereon, and doing all other things incidental to maintaining a municipal government. All these acts, including the ordinance of annexation, have been done under statute authorizing cities of the first class to annex territory to their corporate limits, and there has been at least an organization under color of law, and a municipal corporation de facto exists therein at the present time. In the syllabus by the court in Railway Company v. Lyon County,· 72 Kan. 16, 82 Pac. 519, 84 Pac. 1031, it is said: 'Where a city of the second class has attempted by an ordinance to annex certain

territory, and in pursuance thereof has exercised municipal authority over the same for 18 years, levying and collecting taxes thereon, and treating it in all respects as an integral part of the municipal organization, the validity of the ordinance cannot be attacked in a collateral proceeding by a private party, who seeks to recover taxes levied upon property in such territory, upon the ground that it is not a part of the city.'

"Other cases from the same court sustaining this proposition are McGrew v. Stewart, 51 Kan. 185, 32 Pac. 896; City of Topeka v. Dwyer et al., supra. The last-mentioned case is a well considered case, in which are collected so many authorities, both from that state and from the courts of other states, supporting the rule here applied, that we deem it unnecessary to cite further authority, or to discuss the reasons upon which the rule is founded."

Finding no reversible error, the judgment of the trial court is affirmed.

All the Justices concur.