## INLAND DEVELOPMENT CO. v. OKLA-HOMA CITY, OKL., et al.

### No. 1629.

District Court, W. D. Oklahoma.
Dec. 19, 1934.

Rittenhouse, Webster & Rittenhouse, of Oklahoma City, Okl., for plaintiff.

Harlan T. Deupree, Municipal Counsellor, and A. P. VanMeter, Asst. Municipal Counsellor, both of Oklahoma City, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

Plaintiff, a Delaware corporation, is the owner of oil and gas leases covering certain lands included in the corporate limits of Oklahoma City by annexation, and in a zone where the drilling of oil and gas wells is prohibited by an ordinance of the City. Plaintiff made locations and began operations for the drilling of five wells on its leases. Its drilling activities were halted by the city, with the service of notice to quit and threat of legal proceedings. Whereupon plaintiff brought this suit to enjoin the city and its officers from interfering with its drilling of these wells, making no attack on the validity of the ordinances prohibiting drilling, but basing its case upon the claim that the area included in its leases is not within the city limits because certain annexing ordinances of the city, affecting the territory involved, are void. The suit was filed July 18, 1934. The ordinances brought in question and their enacting dates are: No. 3140, April 8, 1927; No. 3335, February 29, 1928; No. 3473, September 13, 1928; No. 3831, March 11, 1930; and No. 4052, November 18, 1930.

Oklahoma City has a charter form of government, adopted under the authority of the Constitution and laws of the state. Its legislative branch is the city council. As to the method and manner of enacting ordinances, the charter is controlling on the city council; such matters being of purely municipal concern. However, in the annexation of territory, the municipality is governed by the provisions of the state statutes. Barton v. Stuckey, 121 Okl. 226, 248 P. 592. Each of the attacked ordinances is styled "Emergency Ordinance," and was passed by the city council on the date of its introduction. Both article II, "Legislative Department," and article V, "Ordi-

nances," of the City Charter, contain sections dealing with the adoption of ordinances, which, among other things, prohibit the final passage of any ordinance other than an emergency ordinance on the date of its introduction.

Plaintiff contends that all five of the ordinances are void, in that they were passed as emergency ordinances without a valid emergency section. Section 5 of article V of the City Charter reads as follows:

"The Board of Commissioners, by a vote of four members, may pass an emergency ordinance when the public peace, the public health or the public safety of the city or the inhabitants thereof shall in the judgment of the Board demand it.

"Every emergency ordinance must, after the title, contain the words 'Emergency Ordinance,' as a part of the caption, and every such ordinance shall, in a separate action, briefly state the facts or the cause affecting the public peace, public health or public safety and demanding the passage of the emergency ordinance. All emergency ordinances shall take effect at once upon their passage."

It is the position of plaintiff that neither of the ordinances contain an emergency section in compliance with the above-quoted section of the charter, in that there is a failure in each to state the facts or the causes affecting the public peace, public health, or public safety, and demanding the passage of the emergency ordinance. It is unnecessary, however, to determine whether the emergency sections of these ordinances are sufficient, although it would appear that at least as to ordinances numbered 3140 and 3831 there is a sufficient statement of the affecting causes to comply with the charter provision. An invalid emergency clause does not make the statute or ordinance itself void, but simply postpones the time when it shall take effect. 43 C. J. 542; Sanborn v. City of Boulder, 74 Colo. 358, 221 P. 1077.

To support its position, plaintiff relies upon the case of State ex rel. Hunzicker v. Pulliam, 168 Okl. 632, 37 P.(2d) 417. An examination of the opinion, however, discloses this case to be nowise contrary to the general rule above announced. In the Hunzicker Case, while the court held invalid the emergency section of the ordinance there considered, it did not pronounce the ordinance itself void. The action was for a writ of mandamus to compel the city clerk to act upon a petition to refer the ordinance to a vote of the people. The Supreme Court granted the writ. Certainly it would not have done so had it been of the opinion that the ordinance sought to be submitted to a vote was void. Accordingly, since under the provisions of the city charter all ordinances other than emergency ordinances take effect at the end of thirty days from the date of their passage, if the emergency sections be eliminated, the effective date of each of the ordinances in the present case was simply postponed thirty days from the date of its passage, and each would stand as a valid ordinance unless other reasons render it void. Plaintiff argues that, having been passed as emergency ordinances on the date of their introduction, the ordinances cannot be treated as ordinary ordinances by eliminating the emergency clauses, since neither of them laid over the requisite period of a week before adoption. This argument does not seem sound, and is not supported by the authorities. Furthermore, the action here is for injunctive relief, and is not an action in quo warranto to determine the validity of the ordinances. The Supreme Court of Oklahoma has consistently laid down the rule that, when sufficient facts exist to confer authority and jurisdiction on a municipality to annex territory, and there has been a substantial compliance with the provisions of the statute relating thereto, the validity of an ordinance annexing such territory cannot be attacked in a collateral proceeding by reason of defects, informalities, or irregularities in its passage. Biggerstaff v. City of Altus, 114 Okl. 98, 243 P. 751, and Moore v. City of Perry, 126 Okl. 153, 259 P. 133, are sufficient citations to show the Oklahoma rule.

No objection is lodged against Ordinance No. 3140 other than to the emergency section. But the validity of each of the other four ordinances is assailed upon additional grounds. Plaintiff says each of them are void because neither shows upon its face the existence of facts sufficient under the state statutes to confer jurisdiction on the city to annex the territory therein described; and further that such facts did not in truth exist in the case of either ordinance at the time of its adoption. Barton v. Stuckey, supra; Chickasha Cotton Oil Co. v. Rogers, 160 Okl. 164, 16 P.(2d) 112; and City of Maud v. Tulsa Rig, Reel & Mfg. Co., 165 Okl. 181, 25 P.(2d) 792, cited by plaintiff, are authority for the proposition that an annexing ordinance, which shows upon its face a want of jurisdiction, is void and subject to collateral attack. This is sound law, but hardly applicable to the situation here. For instance, in the Tulsa Rig, Reel & Mfg. Case,

the ordinance recited the annexation was made upon a petition signed by two-thirds of the property owners within the annexed area, while the statutory requirement to confer jurisdiction was a petition signed by three-fourths of the property owners. Neither of the ordinances here involved recite any specific statement to show a want of jurisdiction on its face. Section 6130, O. S. 1931, permits a municipality to annex additional territory without the consent of residents or property owners when such additional territory is adjacent to the city limits and is subdivided into tracts or parcels of less than five acres with more than one residence thereon, or, irrespective of said subdivision, when three sides of such additional territory is adjacent to or abutting on property already within the city limits. Ordinances No. 3335 and No. 4052 make no attempt to recite how the property annexed is located with reference to the city limits; the other two, No. 3473 and No. 3831, do have such recitation, although in each case somewhat meager, as an attempt to show the conditions of contiguity required by the provisions of section 6130, supra. But, the point is, neither of the ordinances contain any statement of facts showing the nonexistence of the jurisdictional facts. If the property to be annexed is of the character described in the statute, then in any case the facts sufficient to confer annexing jurisdiction on the city exist. And, if they exist, although their existence be not specifically stated in the ordinance, the city, none the less, is empowered to make the annexation. No Oklahoma case has been submitted sustaining the position assumed by plaintiff that a failure of an annexation ordinance to state the existence of the statutory requirements as to the character and contiguity of the added territory, where such required conditions actually exist at the time the ordinance is enacted, renders such ordinance void. On the other hand, a careful examination of the decisions indicates the correct principle to be that such an ordinance is not invalid by reason of its failure to recite the jurisdictional facts, if in truth such facts exist. If not void by reason of its emergency character, Ordinance No. 3140 is concededly valid. It was the first, in point of time, of the questioned measures adopted. After Bella Casa addition was brought into the city by this ordinance, then the territory described in Ordinance No. 3335 was bounded by the city on three sides, as is shown by a study of the maps and the evidence introduced. Likewise, No. 3473 and No. 3831, in their proper order, when considered in relation to the provision of annexation, were based on proper jurisdictional facts. Ordinance No. 4052 did not add any new territory (in fact it excluded some), but was passed for the purpose, as expressed by its terms, of fixing and defining the city boundaries. It is further attacked on the ground that it is not an ordinance of annexation, but an ordinance fixing and establishing the boundaries of the city, but this attack is repelled by the decision in the case of Biggerstaff v. City of Altus, supra, where an ordinance of similar character was held to be in effect an annexation ordinance.

The reasons above stated are sufficient to require the dismissal of plaintiff's bill; however, it may be said they are reinforced by the defenses of laches and estoppel presented by the defendants. There has been a lapse of years since the ordinances were enacted, during which time the city has assumed municipal control over the affected area, and caused valuable public improvements to be constructed thereon, and city taxes have been assessed and collected in the territory. These considerations are clearly entitled to weight on a collateral attack. City of Blackwell v. City of Newkirk, 31 Okl. 304, 121 P. 260, Ann. Cas. 1913E, 441.

Also the Oklahoma statutes have provisions permitting territory to be disannexed from the corporate area of a municipality, such as Oklahoma City, and the remedy thus afforded may be cited as an additional ground against the allowance of equitable relief as prayed for herein. Again, the plaintiff is a nonresident corporation and not the fee owner of any real estate in the territory annexed. There is considerable strength in the argument of defendants that the plaintiff is not, within the contemplation of the applicable state statutes, a party entitled to question the legality of the ordinances. But the conclusions hereinabove reached preclude the necessity of deciding this point.

A decree may be drawn dismissing the bill, for the reasons herein announced.